| | |
|---|---|
| CHRIS LANGER,<br><br>Plaintiff,<br><br>v.<br><br>YM HOLDINGS, LLC, a Kansas Limited Liability Company; et. al,<br><br>Defendant. | Case No.: 18cv0142-GPC-KSC<br><br>**ORDER GRANTING AS UNOPPOSED:**<br><br>**(1) YM HOLDINGS, LLC'S MOTION TO DISMISS [DKT. NO. 10]**<br><br>**(2) DONG SOO LEE AND SUJIN LEE'S MOTION TO DISMISS [DKT. NO. 11]**<br><br>**[DKT. NO. 86.]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On April 19, 2018, Defendant YM Holdings, LLC moved to dismiss each cause of action within Plaintiff Chris Langer's Complaint for failure to state a claim pursuant to Rule 12(b)(6) and failure to plead Article III standing pursuant to Rule 12(b)(1). Dkt. No. 10. That same day, Defendants Dong Soo Lee and Sujin Lee also moved to dismiss the complaint pursuant to Rule 12(b)(6) and 12(b)(1). Dkt. No. 11. The deadline for filing an opposition to either motion was May 11, 2018. Dkt. No. 12. To date, Plaintiff has not responded to these motions.

Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1.f.3.c. While "[f]ailure to follow a district court's local rules is a proper ground for dismissal," courts must consider the following factors before dismissing a case on such a ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citation and internal quotation marks omitted).

First, the Court finds the public's interest in expeditious resolution of litigation weighs in favor of dismissal, as Plaintiff's claims against the Defendants will be entirely resolved without further delay if the motions are granted. Second, the Court's need to manage its docket also weighs in favor of dismissal as Plaintiff has not made a single filing with this Court in the approximately four months since the action was filed. Dkt. No. 1. Third, the risk of prejudice to Defendants weighs against dismissal as there is no evidence that continuing with this case would prejudice Defendants. Fourth, the public policy favoring disposition of cases on their merits weighs against dismissal; yet, Plaintiff's failure to respond to these motions indicates Plaintiff's disregard for disposing of the case on the merits. Finally, the Court is not imposing sanctions, but is instead considering whether to grant unopposed motions. The Court does not believe that dismissal with prejudice is warranted for the first instance of nonopposition. The lesser dismissal without prejudice suffices. Having considered the above factors, the Court finds they weigh in favor of granting these motions as unopposed. *See Poet v. J.P. Morgan*

*Chase Bank*, No. 3:14-CV-2438-GPC-RBB, 2015 WL 11711828, at *1 (S.D. Cal. Jan. 14, 2015).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant YM HOLDINGS, LLC Motion to Dismiss is **GRANTED** as unopposed [Dkt. No. 10]
2. Defendants Dong Soo Lee and Sujin Lee's Motion to Dismiss is **GRANTED** as unopposed [Dkt. No. 11]
3. Plaintiff's complaint is **DISMISSED** without prejudice;
4. The hearing set for July 13, 2018 is **VACATED**

**IT IS SO ORDERED.**

Dated: May 25, 2018

Hon. Gonzalo P. Curiel
United States District Judge